UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JOSIF KOVACO | : | |
| | : | |
| v. | : | CIV. NO. 3:11CV377 (WWE) |
| | : | |
| ROCKBESTOS-SURPRENANT | : | |
| CABLE CORP. | : | |

RULING ON DEFENDANT'S MOTION TO STRIKE
REVISED EXPERT REPORT [Doc. #49]

Defendant Rockbestos-Surprenant Cable Corp. moves to strike [Doc. #49] the revised expert report of plaintiff's expert, John McNamara. Defendant argues that the revised expert report should be stricken because it came after the deadline for expert disclosures, does not serve to correct any errors or omissions in the original report, and therefore is not in the nature of a supplemental report. Plaintiff Josif Kovaco objects to the motion to strike and argues that the timing of the revised report was not willful, or in bad faith, and does not prejudice defendant. [Doc. #52]. Oral argument was held on February 7, 2013 on the motion to strike.[1] For the reasons that follow, defendant's motion to strike plaintiff's revised expert report is DENIED.

**1.    Background**

On July 21, 2011, the parties submitted their Rule 26(f) report of the parties' planning meetings [Doc. #13], which was approved by the district judge. [Doc. #14]. Section VI(F)(7) of the Rule 26(f) report states that, "[p]laintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 1, 2011." [Doc. #13]. The deadline for plaintiff to disclose his experts was ultimately extended to

---

[1] On January 15, 2013, the undersigned denied without prejudice to refiling the defendant's motion in limine to preclude expert testimony in order to decide the motion to strike the supplemental expert report. [Doc. #65].

March 16, 2012. [Doc. #22].  On March 27, 2012, plaintiff served defendant with the expert disclosure and report of John McNamara.

On May 10, 2012, defendant filed a motion in limine to preclude the testimony of plaintiff's expert, largely premised on plaintiff's initial expert report. [Doc. #49].  The deadline to respond to the motion in limine was extended pending settlement discussions between the parties. Settlement discussions proved unfruitful and plaintiff was ordered to file opposition papers in response to defendant's motion in limine by October 16, 2012.  [Doc. ##36, 40]. Plaintiff served defendant with a copy of a revised expert report the day before the deadline for his response to the motion in limine. And, in accordance with the scheduling order, on October 16, 2012, plaintiff filed his objection to the motion in limine, attaching a revised expert report. [Doc. #47].  On October 31, 2012, defendant filed a motion to strike the revised expert report. [Doc. #49].

Before addressing the admissibility of plaintiff's expert report, the Court must decide which report is the operative report.

2. **Discussion**

Defendant argues that the Court should strike the revised expert report pursuant to Federal Rules of Civil Procedure 16(f) and 37(b), because the revised report is not a "proper supplementation", and therefore untimely.  Defendant further submits that it will suffer financial harm should the court permit plaintiff to rely on the revised expert report.

i.    **Standard**

Rule 26(a)(2)(B)(I) of the Federal Rules of Civil Procedure provides that a written expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them[…]".  An expert witness has a duty to supplement his or her report "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete

or incorrect, and if additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…" Innis Arden Golf Club v. Pitney Bowes, Inc., No. 3:06CV1352 (JBA), 2009 WL 5873112, at *2 (D. Conn. Feb. 23, 2009) (quoting Fed. R. Civ. P. 26(e)(1)(A), (2)). "If a party fails to provide information… as required by Rule 26(a) or (e), the party is not allowed to use that information… to supply evidence… at trial, unless the failure was substantially justified or is harmless…" Id. (quoting Fed. R. Civ. P. 37(c)(1)). "Rule 37(c)(1)'s preclusionary sanction is automatic absent a determination of either substantial justification or harmlessness." Id. (quoting Lore v. City of Syracuse, No. 5:00-CV-1833, 2005 WL 3095506, at *3 (N.D.N.Y. Nov. 17, 2005)).

Additionally, the Federal Rules of Civil Procedure allow a court to impose sanctions if a party "fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Such sanctions may including "striking pleadings in whole or in part[…]" Fed. R. Civ. P. 37(b)(2)(A)(iii).

### ii.    Timing and Contents of Revised Report

Defendant first argues that the revised expert report is not a "true supplementation", but rather an "endeavor[] to correct any errors or omissions" in the first report, and accordingly untimely.   Plaintiff's brief fails to address the issue of revision versus supplementation, focusing instead on the harmlessness to the defendant of the late disclosure. In fact, plaintiff concedes that the supplemental report was an effort to correct the original report and defeat the motion in limine.[2]

---

[2]  Plaintiff states in his brief:
> Defendant originally filed a motion to preclude on or about May 2012. At that time, May 2012, plaintiff counsel fully intended to obtain an addendum or supplemental report **in order to obtain clarification from the expert so that his opinions complied with the law and requirements of admissibility, such that it would survive the motion to preclude**. [Doc. #52, at 5 (emphasis added)].

3

"It should be assumed that at the time an expert issues his report, that report reflects his full knowledge and complete opinions on the issues for which his opinion has been sought." Innis Arden Golf Club v. Pitney Bowes, Inc., 2009 WL 5873112, at *3 (D. Conn. Feb. 23, 2009) (quoting Sandata Techs., Inc. v. Infocrossing, Inc., Nos. 05 Civ. 09546(LMM)(THK), 06 Civ. 01896(LMM)(THK), 2007 WL 4157163, at *4 (S.D.N.Y. Nov. 16, 2007) (citation omitted)). "Plaintiff's duty to supplement its initial expert report does not arise when plaintiff seeks to bolster its earlier submission, but rather, arises 'only if the expert subsequently learns of information that was previously unknown or unavailable, that renders information previously provided in an initial report inaccurate or misleading because it was incomplete....'" Innis Arden, 2009 WL 5873112, at *3 (D. Conn. 2009) (quoting Sandata Techs., 2007 WL 4157163, at *4 (emphasis added); see Buxton v. Lil' Drug Store Prods., Inc., No. 2:02CV178KS–MTP, 2007 WL 2254492, at *5 (S.D. Miss. Aug. 1, 2007) (citations omitted) ("Courts have ... made it clear that supplemental expert reports cannot be used to 'fix' problems in initial reports.") (multiple citations omitted), aff'd, 294 Fed. Appx. 92 (5th Cir. 2008)).

A comparison of the March 18 and October 10 reports reveals that the later report was intended to supplant and not supplement the original report. The second report is not based on any newly discovered information previously unknown or unavailable to the expert, but rather reflects plaintiff's effort to cure the deficiencies in the original report. As such, its disclosure is untimely.

### iii.    Substantially Justified and Harmlessness

Next, the Court looks at whether the failure to provide the information was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Defendant argues that the late disclosure of the revised report is not harmless, having devoted time and money to "filing a comprehensive,

thoroughly researched motion in limine to preclude Mr. McNamara's expert testimony, as summarized in his initial report, for nothing." [Doc. #50, at 6].

With regard to the substantial justification, plaintiff argues that his response to defendant's motion in limine was stayed while the parties pursued settlement negotiations and therefore it was reasonable to wait until after settlement talks broke down to obtain the revised report. Plaintiff disclosed his expert in March as required by the scheduling order and any revisions to the report must have taken place within the expert disclosure deadline, long before the so-called stay was in place. As such, the late disclosure of this revised report is not substantially justified. As to the harmlessness of the late disclosure, defendant has identified the harm as being financial, where the defendant incurred the cost of preparing the motion in limine to exclude the operative expert report. The Court will not preclude the revised report on the basis of the financial harm to defendant where the Court can sanction plaintiff to reimburse defendant for the cost of preparing and filing the motion in limine.

As such, the Court finds that the late disclosure of the revised report, while untimely and not substantially justified, was harmless to the defendant where plaintiff can remunerate defendant for the cost of preparing and filing the original motion in limine. The Court notes that nothing in this ruling should be construed as an opinion on the admissibility of McNamara's expert opinion. Failure to reimburse the defendant for the cost of preparing and filing the motion in limine within thirty (30) days of receiving the invoice from defendant shall result in the preclusion of the revised report.

**3.     Conclusion**

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport, this 15th day of April 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE