UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JOSIF KOVACO | : | |
| | : | |
| v. | : | CIV. NO. 3:11CV377 (WWE) |
| | : | |
| ROCKBESTOS-SURPRENANT | : | |
| CABLE CORP. | : | |

RULING ON DEFENDANT'S MOTION FOR RULE 11 SANCTIONS [Doc. #98]

Plaintiff Joseph Kovaco brings this action against
defendant Rockbestos-Surprenant Cable Corp. alleging, inter
alia, discrimination and retaliation in violation of the
Americans with Disabilities Act ("ADA") 42 U.S.C. §12101, the
Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §621-
634, Title VII of the Civil Rights Act of 1964 ("Title VII") 42
U.S.C. §200e et seq., the Family Medical Leave Act ("FMLA") 29
U.S.C. §2601 et seq., Connecticut General Statutes §46a-60(1)(1)
and (a)(4), and Connecticut common law. [Amend. Compl., Doc.
#10]. Plaintiff alleges discrimination on the basis of
disability, age, national origin, and use of medical leave.[1]
Pending before the Court is defendant's motion for Rule 11
sanctions against plaintiff's counsel, Cicchiello & Cicchiello,
LLP, in connection with the filing of plaintiff's motion for
clarification/modification. [Doc. #98].[2] Plaintiff opposes
defendant's motion. [Doc. #113]. After careful consideration,

---

[1] On September 25, 2013, Judge Eginton granted defendant's motion for summary
judgment on plaintiff's FMLA retaliation and intentional infliction of
emotional distress claims. [Doc. #106].

[2] Defendant represents, and plaintiff does not challenge, that it served
plaintiff with the motion for sanctions on May 23, 2013, in accordance with
Rule 11's safe harbor provision. See Rule 11(c)(2) (providing twenty one
(21) day safe harbor period).

the Court GRANTS IN PART AND DENIES IN PART defendant's motion for Rule 11 sanctions, for the reasons articulated below.

## I.  Background

The claims raised in defendant's motion for sanctions warrant a brief overview of the applicable procedural history. On March 27, 2012, plaintiff served on defendant the expert disclosure and report of John McNamara.  On May 10, 2012, defendant filed a motion in limine to preclude Mr. McNamara from testifying in accordance with his initial expert report. [Doc. #49].  The day before the deadline for plaintiff's response to the motion in limine, plaintiff served defendant with Mr. McNamara's revised expert report. On October 31, 2012, defendant filed a motion to strike the revised expert report [Doc. #49], which the Court denied on the condition that plaintiff reimburse defendant for the cost of preparing and filing the motion in limine ("April 15 Order"). [Doc. #83].  One month later, on May 15, 2013, plaintiff filed a "Motion for Clarification/Modification Re: Order #49." [Doc. #84].

In his motion for clarification, plaintiff requested that the Court clarify its April 15, 2013 Order, denying defendant's motion to strike plaintiff's untimely revised expert report, but ordering plaintiff to pay defendant the cost of preparing the motion in limine directed at the first expert report. [Doc. #83].  In the alternative, plaintiff requested that the Court review the reasonableness of the fees incurred for preparing the motion in limine. The Court construed the motion for clarification as a motion for reconsideration and denied it as untimely. [Id. at 2].  The Court also conducted a reasonableness

analysis of defense counsel's fees, and reduced the fees sought from $11,372.00 to $8,610.00.

## II.   Rule 11 Standard

"Rule 11 is aimed at curbing abuse of the judicial system, and 'provides a vehicle for sanctioning an attorney, a client or both.'" <u>Stone v. BBS Auto. Group, Inc.</u>, No. Civ. 304CV985HBF, 2006 WL 141631, at *2 (D. Conn. Jan. 18, 2008) (quoting <u>United States v. Int'l Bhd. of Teamsters</u>, 948 F.2d 1338, 1343 (2d Cir. 1991)). Rule 11(b) provides, in pertinent part, that,

> By presenting to the court a pleading, written motion or other paper[…] an attorney[…] certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2)   the claims, defenses, and other legal contentions are warranted by existing law[…];
> >
> > (3)   the factual contentions have evidentiary support[…].

Fed. R. Civ. P. 11(b)(1)-(3).  "An attorney's subjective good faith will not suffice to protect a meritless or frivolous claim from Rule 11 censure." <u>Stone</u>, 2006 WL 141631, at *2 (citations omitted).  As previously recognized by this Court,

> Sanctions are only warranted where it is patently clear that a claim has no chance of success under existing precedents, or when a plaintiff persists with a claim after it has become patently clear it has no basis in fact or law.  The court must resolve any and all doubts in favor of the signing party.  A court must beware of the benefits of hindsight.  The Rule only requires reasonableness under the circumstances.  As such, the relevant inquiry becomes whether a specific filing was, if not successful, at least well founded.

<u>Id.</u> (internal quotations and citations omitted); <u>see also</u> <u>Johnson v. Anderson</u>, Civ. No. 3:06CV782(WWE)(HBF), 2007 WL

735776, at *1 (D. Conn. Mar. 2, 2007) (citation omitted) ("The standard for triggering the award of fees under Rule 11 is objective unreasonableness.

## III. Discussion

Defendant seeks sanctions in connection with plaintiff's motion for clarification, alleging the motion failed to offer any support for the position that defense counsel's fees were unreasonable, and therefore the motion was not submitted in good faith and "after an inquiry reasonable under the circumstances," as required by Rule 11(b); the motion for clarification sought to harass defendant and its attorneys, unnecessarily delay the fee payment ordered by the Court, and needlessly increase the costs of litigation, all in violation of Rule 11(b)(1); plaintiff deceptively labeled the motion as one for clarification, in violation of Rule 11(b)(2); the motion failed to take into account any relevant law regarding the filing of motions for reconsideration and what constitutes reasonable attorney's fees, in violation of Rule 11(b)(2); and finally, the motion is rife with factual contentions that lack any evidentiary support, in violation of Rule 11(b)(3).

### A. **Rule 11(b)(1) violations**

The Court first considers whether the motion for clarification violated Rule 11(b)(1).  In order for the motion to violate Rule 11(b)(1), it must have been presented for an improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).  Defendant argues that plaintiff filed the motion for clarification for the improper purposes of delaying payment of

the motion in limine fees, to increase the costs of litigation, and to harass defense counsel.

Although the timing of the motion is suspect, and contains rather unsavory speculation regarding defense counsel's billing practices, because the Court "must resolve any and all doubts in favor of the signing party[,]" Stone, 2006 WL141631, at *2 (compiling cases), the Court is not convinced that plaintiff filed the motion for the improper purposes suggested.  Indeed, the motion partially sought a reasonableness determination for the claimed fees.  This is a legitimate request when presented with a substantial bill for fees, such as the one presented here.  However, plaintiff likely could have avoided motion practice had he endeavored to communicate with defense counsel about the reasonableness of the fees sought.  In the future, counsel are encouraged to meet and confer, either in person or telephonically, to resolve issues without having to involve the court.  Nevertheless, the Court declines to find a violation of Rule 11(b)(1) on the current record.

### B. **Rule 11(b)(2) violations**

The Court next considers whether the motion for clarification violated Rule 11(b)(2).  In order for the motion to violate Rule 11(b)(2), its legal contentions must be unwarranted by existing law. See also Chien v. Skystar Bio Pharm. Co., 256 F.R.D. 67, 72 (D. Conn. 2009) (citations and internal quotations omitted) ("In order for a claim to violate Rule 11(b)(2), a pleading must border on the frivolous.").  "The standard for triggering the award of fees under Rule 11(b)(2) is 'objective unreasonableness.'"  Id. (compiling cases).

Defendant argues that the motion for clarification violates Rule 11(b) in two respects: first, that plaintiff deceptively labeled the motion as one for clarification; and, second, that the motion fails to consider any relevant law regarding motions for reconsideration and what constitutes reasonable attorney's fees. Plaintiff responds that his challenge to the sought attorney's fees was objectively reasonable and that he did not willfully attempt to seek reconsideration through other means. The Court will consider each argument in turn.

### 1. Clarification/Reconsideration

Plaintiff argues that he and counsel "were confused by the Court's order [denying the motion to strike] and requested that the Court correct its order based [] upon their confusion[…]" [Doc. #113, 8]. Specifically, plaintiff and his counsel claim confusion that the April 15 Order required plaintiff to reimburse defendant for the fees incurred in preparing the motion in limine, and not the motion to strike. Although the Court construed the motion for clarification as one for reconsideration and found no ambiguity in the April 15 Order, the Court will determine whether, under the circumstances, the filing was at least well founded. Stone, 2006 WL 141631, at *2.

Even giving plaintiff's counsel the benefit of the doubt, the Court finds that the request for "clarification" was not well founded and "bordered on frivolous." After a careful review of the record, it is abundantly clear that the harm defendant alleged to have suffered as a result of the filing of the revised expert report was the costs incurred for preparing the motion in limine. This is plainly set forth in defendant's

motion to strike[3], and reiterated in defendant's reply brief in support of the motion to strike[4].  Defendant further echoed this position during oral argument:

> In terms of harm, we made the decision in May to file the motion in limine. As you might suspect and as you can see from the fairly comprehensive briefing we did[…] that was a pretty significant expenditure on the part of our client[…]
>
> So in our view this was by no means harmless because our client incurred substantial, many thousands of dollars in legal fees for us to do that work based on the initial report[…] and we contend that having filed the motion in limine directed to the initial report, it was anything but harmless.

[Doc. #103, Feb. 7, 2013 Hrg. Tr., 10:4-11:4].  Thereafter, the Court confirmed that the harm suffered was "primarily the cost of having moved to strike the first [expert report…]" [Id. at 17:7-24].

Quite frankly, the Court does not believe that under the circumstances presented, and in light of the above record, an objectively reasonable attorney would have been "confused" by the Court's order on the motion to strike, thereby necessitating a request for clarification. To the extent plaintiff claims that his counsel "misunderstood the Court's order and, based upon that misunderstanding, mistakenly thought that clarification was possible,"[Doc. #113, 8], "[a]n attorney's subjective good faith will not suffice to protect a meritless or frivolous claim from

---

[3] "Far from being harmless, allowance of the late submission would mean defendant went to the considerable trouble and expense of preparing and filing a comprehensive, thoroughly researched motion in limine to preclude Mr. McNamara's expert testimony, as summarized in his initial report, for nothing." [Doc. #50, 6].

[4] "[A]s defendant also pointed out in its opening brief, defendant expended substantial resources in preparing its motion in limine based on the contents of Mr. McNamara's initial report.  Those resources would be wasted were the Court to allow plaintiff to simply have his expert write a completely new report in the face of defendant's motion; a waste of resources is by no means harmless[…]" [Doc. #53, 4].

Rule 11 censure." <u>Stone</u>, 2006 WL 141631, at *2; <u>see also</u> <u>Chien</u>, 256 F.R.D. at 72 (citations omitted) ("There is no 'empty head pure-heart' justification for patently frivolous arguments under Rule 11. The subjective intent of the filer is irrelevant.").

As to plaintiff's counsel's representation that the motion for clarification was not a "willful attempt to attain reconsideration through other means," [Doc. #113, 7], the plain language of the motion suggests otherwise. For example, plaintiff requests that the Court "modify" its prior order and that the order "requires revision" despite conceding that "the order obviously says it is ordering the Plaintiff to pay for the cost of the Motion in Limine." [Doc. #84, 4]. Indeed, in opposing defendant's motion for sanctions, plaintiff admits he requested the Court to "correct its [order]" and "conced[es] that the requested relief was more appropriate for a Motion for Reconsideration." [Doc. #113, 7-8]. Given that plaintiff filed the motion for clarification/reconsideration well after the deadline prescribed by Local Rule 7(c), it was patently clear that if construed as a request for reconsideration, such request had absolutely no chance of success. <u>Healey v. Chelsea Resources Ltd.</u>, 947 F.2d 611, 626 (2d Cir. 1991) ("Rule 11 targets situations where it is patently clear that a claim has absolutely no chance of success."). Therefore, the Court finds a violation of Rule 11(b)(2) for that portion of the motion that sought the clarification/reconsideration of the Court's April 15 Order.

### 2. Attorney's Fees

Plaintiff also submits that he had a sound legal basis for challenging defense counsel's bill.  Plaintiff's challenge to defense counsel's legal bill was not objectively unreasonable.  For example, plaintiff argued that the fees sought ($11,372.00) were excessive in light of the short length of the motion (12 pages) and the relatively straightforward arguments presented.  [Doc. #84, 7].  The motion also takes issue with the supporting billing entries, which plaintiff characterizes as "extremely general in nature, thus making it impossible to determine what work exactly Defendant's counsel performed." [Id. at 8].[5]  Therefore, the Court declines to find a violation of Rule 11(b)(2) for the portion of the motion that seeks a reasonableness determination for defense counsel's legal fees.[6]

### C. **Rule 11(b)(3) violations**

Finally, the Court considers whether the motion for clarification violated Rule 11(b)(3).  In order for the motion to violate Rule 11(b)(3), its factual contentions must lack evidentiary support. See also Safe-Strap Co., Inc. v. Koala Copr., 270 F. Supp. 2d 407, 412 (S.D.N.Y. 2003) (quoting O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996)) ("Under Rule 11(b)(3), 'sanctions may not be obtained unless a particular allegation is utterly lacking in support.'").

---

[5] However, the Court does not condone the route by which plaintiff's counsel challenged the reasonableness of defense counsel's fees.  As discussed further below, rather than support his arguments with case law or affidavits, plaintiff's counsel instead chose to discredit the fees sought by making potentially damaging speculations about defense counsel and his billing practices.

[6] Likewise, on the current record, the Court declines to find that the motion was not submitted in good faith and "after an inquiry reasonable under the circumstances" as required by Rule 11(b).

9

Defendant understandably takes issue with plaintiff's "unsupported allegations about defense counsel's ethical mores and billing practices[…]" [Doc. #99, at 7]. Specifically such statements that defense counsel's bill "is astounding and unbelievable on its face," and that "[s]uch astronomical billing may perhaps even implicate the reasonable fee requirements of Rule 1.5 of the Connecticut Rules of Professional Conduct." [Doc. #99, at 11 (citing Doc. #84, 7-8)]. Adding further fuel to the proverbial fire, plaintiff also alleges that, "Defendant may have submitted a grossly overinflated bill with the design Plaintiff would not be able to pay the bill, thereby resulting in the exclusion of the [expert] report." [Doc. #84, 8]. Moreover, plaintiff's counsel states that defense counsel "claims" to have expended certain time in connection with the motion in limine, and that defense counsel's bill "contains a number of entries which appear to represent an almost impossible amount of time working on the memorandum." [Doc. #86, 4-6].

When imposing Rule 11(b)(3) sanctions, "Courts generally look for 'direct falsehood' in a filing." Sichel v. UNUM Provident Corp., 230 F. Supp. 2d 325, 332 (S.D.N.Y. 2002). Plaintiff's counsel comes very close to this line with the above-referenced statements. However, in light of the words preceding the ill-advised allegations, such as "may" and "appear", the Court reluctantly finds that plaintiff's counsel has skirted a Rule 11(b)(3) violation. However, despite this finding, the Court strongly cautions plaintiff's counsel to refrain from making such inflammatory and potentially career-damaging speculations in the future. Indeed, such speculative

editorials only serve to detract from counsel's advocacy.  Here especially, the use of such speculation to discount defense counsel's fees is not nearly as compelling as argument based on precedent and supporting evidence, such as an affidavit from a local attorney attesting to the unreasonableness of the fees sought.  Therefore, and with some reluctance, because the Court must resolve any and all doubts in favor of the signing party, the Court declines to find a violation of Rule 11(b)(3).

   D. **<u>Sanctions</u>**

   "The decision whether to impose a sanction for a Rule 11(b) violation is [] committed to the district court's discretion." <u>Perez v. Posse Comitatus</u>, 373 F.3d 321, 326 (2d Cir. 2004) (compiling cases); <u>see also</u> Fed. R. Civ. P. 11(c) ("If[…] the court determines that subdivision (b) has been violated, the court may […] impose an appropriate sanction[…]").

   Here, the Court is faced with the unenviable task of determining an appropriate sanction, if any, for plaintiff's counsel's violation of Rule 11(b)(2). Although "[r]ule 11 sanctions should be imposed with caution, even where the violation is clear," <u>Sichel</u>, 230 F. Supp. 2d at 333, here, the Court finds that a monetary sanction for plaintiff's counsel's violation of Rule 11(b)(2) is appropriate.  The Court declines to impose the monetary sanctions sought by defendant, but will award defendant one half of its reasonable costs and fees for preparing the motion for sanctions. The Court will not award full costs and fees in light of the findings that only a portion of the motion for reconsideration/clarification violated Rule 11.  Therefore, within thirty (30) days of this ruling, counsel

for plaintiff Cicchiello & Cicchiello, LLP shall reimburse defendant one half of its reasonable costs and fees for preparing and filing the motion for sanctions.  Should any dispute arise as to the reasonableness of the fees sought, the parties shall contact chambers for a telephone conference.

**IV.  Conclusion**

For the reasons stated, defendant's motion for sanctions [Doc. #98] is GRANTED IN PART AND DENIED IN PART.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport, this 17th day of April 2014.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE