UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSIF KOVACO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:11-cv-00377-WWE |
| | : | |
| ROCKBESTOS-SURPRENANT CABLE CORP., | : | |
| | : | |
|     Defendant. | : | |

### MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Josif Kovaco has moved for reconsideration of this Court's decision to grant summary judgment on his discrimination and front and back pay claims. Plaintiff also asks the Court to certify its decision for interlocutory appeal if the Court adheres to its summary judgment decision.

Reconsideration will be granted only if the moving party identifies controlling decisions or data that the court overlooked that could reasonably be expected to alter the court's decision. See Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used simply to relitigate an issue that has been decided adversely to the movant. Joyce v. Semple, 2012 U.S. Dist. LEXIS 150294 (D. Conn. 2012).

Plaintiff argues that a determination by the Social Security Administration that a person is disabled is not preclusive of job-qualification for purposes of the Americans with Disabilities Act ("ADA") because the ADA allows for the possibility of reasonable accommodation. However, the Court did not overlook controlling decisions on this issue. See Order on Mot. for Summ. J. at 8-9 [Doc. # 106]. Rather, the Court found, based on the facts in this case, that plaintiff's disability precluded his qualification as a maintenance mechanic, regardless of his requested accommodation of a golf cart. Indeed, the Court cited Mitchell v. Washingtonville Cent. School

Dist., 190 F.3d 1, 7 (2d Cir. 1999) for the same proposition that plaintiff now argues.

Plaintiff's request for front and back pay remains foreclosed as a consequence of the Court's decision that plaintiff was at the time of his dismissal incapable of meeting the physical demands associated with the job of maintenance mechanic.

Finally, plaintiff's request to certify its decision for interlocutory appeal will be denied as plaintiff's appeal would not involve "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b).

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for reconsideration [Doc. # 111] is GRANTED. However, the Court adheres to its previous decision to grant summary judgment on plaintiff's discrimination and front and back pay claims.

Dated this 20th day of August, 2014, at Bridgeport, Connecticut.

                /s/Warren W. Eginton
                WARREN W. EGINTON
                SENIOR UNITED STATES DISTRICT JUDGE